B. Montague **ANDERSON** and Elizabeth S. Anderson, Appellants,

v.

**SCHOLZ HOMES, INC.,** an Ohio Corporation, Appellee.

Court of Appeals of Kentucky.

Nov. 25, 1977.

Michael R. Dowling, Ashland, for appellants.

H. Gene Baldridge, Rose & Baldridge, Ashland, for appellee.

Before HAYES, HOWARD, WILHOIT and WINTERSHEIMER, JJ.

HOWARD, Judge.

This is an appeal from the Greenup Circuit Court wherein the complaint of plaintiffs-appellants, B. Montague Anderson and Elizabeth S. Anderson, was dismissed with prejudice.

Plaintiffs-appellants, B. Montague Anderson and Elizabeth S. Anderson (hereinafter referred to as the Andersons), filed a complaint in the Greenup Circuit Court on September 9, 1976, alleging that the defendant-appellee, Scholz Homes, Inc. (hereinafter referred to as Scholz Homes), was liable to the Andersons for repair of a sagging roof which the Andersons contend it was Scholz Homes' contractual obligation to fix.

On January 16, 1976, the Andersons entered into a purchase agreement with Scholz Homes for a house and lot in Bellefonte Heights, Russell, Kentucky, for $67,-500.00. The second paragraph of the purchase agreement provided as follows:

We have examined the property and are familiar with its condition and state of repair and agree to accept the same as is with the understanding that the following items shall be done at no cost to us: All work shall be done to complete this house in a new home condition, the lawn shall be graded and sown with grass, a maximum of $100.00 worth of shrubbery shall be purchased and planted and the concrete driveway shall be extended to tie in with the present street.

On January 22, 1976, the Andersons sent a letter to the realtor agent for Scholz Homes, enumerating some sixteen items which they considered necessary to complete the house in a new home condition. None of the items related to the alleged sagging roof. Scholz Homes filed its motion for failure to state a claim upon which relief may be granted; the motion was sustained; and the Andersons' complaint was dismissed with prejudice.

The Andersons raise three issues on appeal, to-wit: 1) Was the contract entered into ambiguous and should it be construed against the seller whose agent had prepared the contract for the signatures of the buyers?, 2) May the seller of a new home in the contract of sale in one paragraph include language disclaiming any warranties and in the same paragraph use language of an express warranty without unfairly representing the contractual obligation of the seller to the buyer? and 3) Is there not an implied warranty of quality given by the vendor of a new dwelling for loss or defects occasioned by a defective condition of the dwelling unknown to the purchaser at the time of the sale?

Scholz Homes states that the sole question presented on this appeal is whether or not the complaint, along with the exhibits, contains the basic elements of a cause of action when considering the facts that could be proved consistent with the pleadings.

In *Burkhart v. Community Medical Center*, Ky., 432 S.W.2d 433 (1968), the court cites with approval, at page 435, this comment found in *Clay's Kentucky Practice*, Volume 6, Rule 8.01:

This is not to say that the underlying principles of stating a cause of action are not to be observed. The basic elements thereof must still be fairly shown, i. e., (a) a primary right of the plaintiff, and (b) a wrong of the defendant which breaches the right and results in damage.

And in *City of Dayton v. Thompson*, Ky., 372 S.W.2d 407 (1963), the court states at page 407 that:

. . . Where a plaintiff chooses to state his complaint in full detail, in lieu of the simple form sufficient under the Civil Rules, and neither its contents nor the inferences reasonably to be drawn from them will support his claim for relief, a motion to dismiss serves substantially the same purpose as a motion for summary judgment and should be sustained. . .

Nothing in the complaint speaks to any ambiguity in the contract or to any unfair-

ness represented to the Andersons because of the so-called expressed and disclaimed warranties, as the Andersons contend are issues on this appeal. Nothing in the complaint alleges that there is an implied warranty of quality which Scholz Homes somehow breached.

The Andersons took the home "as is", after an inspection. The inspection revealed 16 defects, which Scholz Homes repaired in order to complete the house in a new home condition, according to the Andersons. Kentucky seems to still hold to the doctrine of caveat emptor. In *Fannon v. Carden*, Ky., 240 S.W.2d 101 (1951), the court states at page 103 that:

> As a general rule where no direct representation is made by the vendor concerning definite facts and the purchaser has sufficient opportunity to observe the condition of the premises, the maxim of caveat emptor is applicable . . . .

We do not think that the contractual obligation of Scholz Homes is to repair later-discovered defects in order to "complete this house in a new home condition." Scholz Homes was not selling the Andersons a new home. The Andersons were buying a house "as is". This is not such a case as in *Helm v. Speith*, 298 Ky. 255, 182 S.W.2d 635 (1944), where a house which was built in the summertime was found not to be watertight until the following rainy season in the late fall and winter.

The judgment of the trial court dismissing the Andersons' complaint with prejudice is affirmed.

All concur.